FILED
2005 Nov-08 PM 12:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **FAYETTE COUNTY E-911 DISTRICT,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**CENTURYTEL OF AL, LLC,**<br>**VERIZON SOUTH, INC. f/k/a**<br>**GTE SOUTH, INC.,** )<br>)<br>)<br>)<br>Defendants. ) | Civil Action Number<br>**6:03-cv-00699-UWC** |

## MEMORANDUM OPINION DENYING DEFENDANTS' MOTIONS TO DISMISS

Fayette County E-911 District initiated this action against Defendants, CenturyTel of AL, LLC and Verizon South, Inc., to recover payments allegedly owed under the Alabama Emergency Telephone Service Act. ALA. CODE §§ 11-98-1 to 7 (1975). Presently before the Court are Defendants' Motions to Dismiss pursuant to Fed R. Civ. P. 12(B)(1) & (6).

Based on a review of the relevant facts and applicable law, Defendants' Motions to Dismiss are due to be DENIED.

## I. Factual Background

1. The Alabama Emergency Telephone Service Act

The Alabama Emergency Telephone Service Act (the "Telephone Act") was enacted by the Alabama Legislature in 1984 "to shorten the time required for a citizen to request and receive emergency aid." ALA. CODE § 11-98-3. To this end, municipalities and counties in Alabama are authorized, by passage of a resolution or ordinance, to create enhanced 911 ("E911") communication districts to administer emergency telephone services within their respective jurisdictions. *See City of Hoover Communications Dist. v. Bellsouth Telecommunications, Inc.*, 712 So. 2d 1095 (Ala. Civ. App. 1997); ALA. CODE §§ 11-98-1 to 7

In general, these communications districts are funded by an "emergency telephone service charge in an amount not to exceed five percent of the maximum tariff rate charged by any service provider in the district." ALA. CODE § 11-98-5(a)(1). Under the Telephone Act, which is found in Title 11 of the Alabama Code, providers of telephone service, or "service suppliers," must, among other things, collect and remit the service charge to the communications district on a monthly basis. ALA. CODE § 11-98-5.

2. Procedural History

On March 27, 2003, Fayette County E-911 District, ("Fayette"), an Alabama

resident, filed a complaint in this Court seeking amounts allegedly owed by the nonresident Defendants under the Telephone Act. On June 21, 2004, after more than a year of litigation, Defendants, CenturyTel of Alabama, LLC ("CenturyTel") and Verizon South, Inc. ("Verizon"), filed separate motions to dismiss.

## II.  STANDARD OF REVIEW

Defendants purported to file separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of jurisdiction over the subject matter, and Fed. R. Civ. P.12(b)(6), failure to state a claim upon which relief can be granted. However, the only issue addressed in Defendants' brief is this Court's alleged lack of jurisdiction. Specifically, Defendants submit that they are subject to the exclusive, or in the alternative, primary jurisdiction of the Alabama Public Service Commission (the "APSC"), and that therefore, this Court has no jurisdiction.

"[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir.1986). As the Eleventh Circuit has made clear, Rule 12(b)(6) motions, which challenge "the existence of an element of the underlying cause of action" are necessarily different than Rule 12(b)(1) motions, or jurisdictional challenges, which "can be decided without reference to the merits of the underlying claim and lie within the exclusive

province of the trial court." *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 (11th Cir. 2003)  "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6).'" *Id*. at 925 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

However, the Eleventh Circuit has cautioned that Rule 12(b)(1) should only be used "if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action."  *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997).  In the instant case, Defendants, relying heavily on various sections of the Alabama Code and related Alabama case law, contend that the APSC has jurisdiction over the issues in this case.  At not point do Defendants' arguments implicate the merits of Fayette's cause of action.  Therefore, this Court finds that review of Defendants' motions to dismiss pursuant to the standards applicable to Rule 12(b)(1) is appropriate.

### III. ANALYSIS

Plaintiff initially filed its lawsuit contending that this Court had diversity jurisdiction.  In a somewhat unusual maneuver, Defendants responded by challenging the jurisdiction of any court to hear disputes of the variety in the

instant case.[1]  Specifically, Defendants contend: (1) that Alabama Law vests exclusive jurisdiction over disputes concerning Defendants' work as "service suppliers" in the Alabama Public Service Commission (the "ASPC") and, in the alternative, (2) the APSC has primary jurisdiction over the present dispute.  Each theory will be addressed in turn.

    1.  The Alabama Legislature did not give the APSC exclusive jurisdiction over this case.

In the instant case, Defendants' legal conclusion that the APSC has exclusive jurisdiction rests upon on a single provision of the Alabama Code.  Specifically, Section 37-1-31, in pertinent part, provides:

> The rights, powers, authority, jurisdiction and duties *by this title* conferred upon the [APSC] shall be exclusive and, in respect of rates and service regulations and equipment, shall be exercised notwithstanding any rights heretofore acquired by the public under any franchise, contract or agreement between any utility and municipality, county or municipal subdivision of the state, and shall be exercised, so far as they may be exercised consistently with the Constitution of the state and of the United States, notwithstanding any right heretofore so acquired by any such utility.

ALA. CODE § 37-1-31 (emphasis added).

Defendants contend that Section 37-1-31 provides definitive proof that the APSC has exclusive jurisdiction over the instant case.  However, the instant case

---

[1] If Defendants are correct in their legal position, then it necessarily follows that no court would have jurisdiction.  The separate constitutional question of whether a state legislature can strip a federal court of jurisdiction was not briefed, and therefore will not be addressed.

does not concern "rights, powers, authority, jurisdiction and duties by [Title 37 of the Alabama Code]" but rather obligations and duties regarding the provision of emergency telephone services, which are provided by Title 11 of the Alabama Code, or the Telephone Act.  In fact, Title 37, which generally concerns so-called "transportation companies," contains absolutely no reference to the provision of emergency telephone services.  Thus, Defendants reliance upon Section 37-1-31 is misplaced.  Furthermore, the Telephone Act itself does not confer any jurisdiction upon the APSC.[2]  As such, Defendants contention that Alabama Law vests the APSC with exclusive jurisdiction over the instant case is without merit.

Put another way, it is self-evident that the APSC has exclusive jurisdiction over "transportation companies" that serve as "service suppliers" to the extent that the disputes concern Title 37 "rights, powers, authority, jurisdiction, and duties." However, for matters that invoke "rights, powers, authority, jurisdiction, and duties" under other Titles of the Alabama Code, such as the case at bar, the APSC has no such jurisdiction absent express statutory authorization.

---

[2] Defendants belabor the fact that the Telephone Act *mentions* the APSC. However, they also acknowledge that there is no provision within the Telephone Act that specifically confers any jurisdiction, let alone exclusive jurisdiction, upon the APSC over disputes regarding the respective duties and obligations of communications districts, such as Fayette, and service suppliers, such as the Defendants.

2. Similarly, the APSC does not have primary jurisdiction.

"The doctrine of primary jurisdiction implies that matters entrusted by the legislature to an administrative agency, ought first be considered by that agency." *Fraternal Order of Plice Strawberry Lodge #40 v. Entrekin*, 314 So. 2d. 663, 673 (1970). In the instant case, this doctrine is wholly inapposite. As mentioned above, the Alabama Legislature never entrusted the APSC with jurisdiction over disputes concerning obligations and duties under Title 11 of the Alabama Code. The doctrine of primary jurisdiction is thus not applicable.

## IV. CONCLUSION

Therefore, by separate order, this Court will deny Defendants' motions to dismiss.

Done this 7th day of November, 2005.

*[signature]*
U.W. Clemon
Chief United States District Judge